STEINDLER, Appellant, v. NEW YORK IMPORTATION CO., Respondent. (Supreme Court, Appellate Term. January 16, 1906.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by Robert M. Steindler against the New York Importation Company. From a judgment granting insufficient relief, plaintiff appeals. Conditionally reversed. Page, Brant & Booth, for appellant. Rignal D. Woodward, for respondent.

SCOTT, P. J. We think that the discharge of plaintiff was justified upon the evidence; also that it was satisfactorily proven that the parties agreed, after the written contract was made, to so modify it that plaintiff should receive $75 a week in advance, instead of $300 a month, and that the parties acted upon this modification. Agreeing, as we do, with the justice up to this point, we find ourselves unable to understand how he arrived at the figure for which he rendered judgment. The plaintiff proved expenses paid out by him amounting to $19.25. The last payment of salary was on July 2d, when he was paid for the week ending July 9th. He was not effectually discharged until July 18th. There had become

due him before that $75 on July 9th and $75 on July 16th, making $150 due for salary and $19.25 for expenses, in all $174.25, instead of $119.75, the amount awarded by the judgment for damages. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event, unless defendant will stipulate that the judgment shall be increased to $193.56, in which event the judgment, as so modified, will be affirmed, without costs.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). By written contract of employment between the parties herein, the plaintiff was employed for a year from February 18, 1905, at $300 per month in advance therefrom, and commissions on excess of sales by him above $50,000 after same had been paid for. Evidence there was, and sufficient, to find a subsequent modification thereof by the parties whereby the plaintiff was to receive $75 per week in advance, instead of the sum of $300 per month, and a discharge for cause in the month of July following. There was introduced in evidence written notice to quit, dated July 18th; but it may not be said that the plaintiff was not effectually discharged until that date, for the defendants testified to oral notice on July 7th, and the plaintiff himself to oral notice before the receipt of the written notice, and that he continued to incur expenses thereafter for a period of three days. The defendants testified to the last payment for services as of July 2d, and the plaintiff to the sum of $19.25 for expenses incurred; but, in view of plaintiff's own testimony, this should be reduced by at least the sum of $6.80. However, as it does not appear from the judgment when the plaintiff was discharged, whether on July 7th, 11th, or 18th, the amount of the judgment for $119.75, exclusive of costs, may not stand; for if the discharge occurred on the earlier dates the amount of the judgment in either case was excessive, and if on the last above mentioned date the amount of the judgment was inadequate. The judgment should therefore be reversed, and a new trial ordered, unless the plaintiff consents to a reduction of the amount awarded to him, and accepts the sum of $87.45 and appropriate costs.